UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AJAMU OSBORNE, | ) | Case No.: 4:18 CV 2611 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN MERLAK, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent | ) | AND ORDER |

Before the court is *pro se* Petitioner Ajamu Osborne's ("Petitioner" or "Osborne") Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1.) For the reasons that follow, the Petition is denied.

## I. BACKGROUND

Osborne alleges that while he was housed at the halfway house RRC Brooklyn, he received a number of incidents reports which resulted in Petitioner being returned to a more secure institution and the loss of good conduct time. (*Id*. at 10.) Petitioner claims that he requested, but did not receive, copies of the disciplinary hearing officer's ("DHO") findings[1] which resulted in the loss of fourteen days good conduct time (*id*. at 2).

---

[1] It appears from the Petition and documentation attached thereto that because Osborne's infractions occurred at the halfway house, rather the correctional institution, the disciplinary decision was not made at the institutional level. (*See* ECF No. 1-1.)

Osborne claims for his first ground for relief that because he did not receive the DHO's findings as requested, his due process right to appeal was violated. For his second ground for relief, Osborne claims that when he wrote the FBOP Regional Director to inform the Director that Petitioner's due process rights were being violated, Petitioner received the Director's denial[2] of his appeal four days late. (*Id*. at 10-12.) Petitioner's subsequent appeal to the National Inmate Appeal Administrator was also denied.[3] (*Id*. at 12.) Osborne seeks reinstatement of his lost good conduct time and an order expunging the incident report resulting in the disciplinary hearing at issue. (*Id*. at 8, 11.)

## II. DISCUSSION

### A. Standard of Review

Federal district courts are required to undertake a preliminary review of habeas corpus petitions to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 of the Rules Governing Habeas Corpus under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)); *see also* 28 U.S.C. § 2243. If the district court determines that a petitioner is plainly not entitled to relief, the petition must be summarily dismissed. *Id*.; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (Under § 2243,

---

[2] The Regional Director denied Osborne's appeal of the decision of the Center Discipline Committee ("CDC") at Brooklyn House disallowing 14 days of good conduct time, noting that Osborne did not deny committing the prohibited act but argued that he did not receive notice of the CDC's decision. According to the Regional Director, Osborne received the CDC's decision on January 31, 2018. (ECF No. 1-5 at 3.) The Regional Director's denial informed Osborne that he had 30 days from August 3, 2018 to further appeal.

[3] Osborne's appeal of the Regional Director's decision to the Administrator of National Inmate Appeals was also denied, finding Osborne did not deny committing the prohibited act, the CDC's decision was supported by the evidence in the CDC report, and the discipline was commensurate with the offense. The Administrator further found that Osborne presented no evidence that he did not receive the CDC's decision. (ECF No. 1-6 at 2.)

the district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."). Like all *pro se* pleadings, *pro se* habeas petitions are entitled to liberal construction. *Franklin v. Rose*, 756 F.2d 82, 85 (6th Cir. 1985) (citation omitted).

## B. Analysis

It is evident from the face of the petition that Osborne is not entitled to habeas relief under 28 U.S.C. § 2241. A federal prisoner may seek habeas relief pursuant to § 2241 when he is in custody in violation of the United States Constitution. 28 U.S.C. § 2241(c). Because Osborne was sanctioned for his conduct by the loss of good conduct time, he is entitled to some due process protection under the United States Constitution. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).

Osborne does not complain that he did not receive due process with respect to his disciplinary hearing.[4] Rather, Osborne claims that he was effectively deprived of his due process right to appeal the disciplinary conviction. (ECF No. 1 at 12.) There is, however, no constitutional due process right to appeal a disciplinary conviction even where the loss of good time credits is at issue. *See Chance v. Compton,* 873 F. Supp. 82, 86 (W.D. Tenn. 1994) (right to appeal disciplinary convictions is not within the narrow set of due process rights provided by *Wolff*) (citing *Boles v. Weist*, 849 F.2d 608 (Table) (6th Cir. 1988) ("Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction.")); *Cordoba v. Shartle*, No. 4:09 CV 3015, 2010 WL 2572854, at *5 (N.D. Ohio June 23, 2010) (collecting cases); *Smith v. Pallas*, Case No. 1:17-cv-618, 2017 WL 5507754, at *7 (W.D. Mich. Nov. 17, 2017); *Blair v. Thompson*, Civil Action No. 5:16-CV-P35-TBR, 2017 WL 161638, at *2 (W.D. Ky. Jan. 13, 2017) (collecting cases); *Wilson v. Powell*, No. 18-1174-JDT-

---

[4] To the extent that Osborne is asserting this ground for relief, the documentation of his appeals attached to the Petition supports a conclusion that his due process rights as to the underlying disciplinary conviction were satisfied. (*See* ECF Nos. 1-5 at 3, 1-6 at 2.)

cgc, 2018 WL 5905146, at *4 (W.D. Tenn. Nov. 9, 2018) (collecting cases).  Nor does Osborne's claim that the Regional Director's response to his appeal was four days late implicate the deprivation of a constitutional right.  Accordingly, the Petition must be dismissed.

### III.  CONCLUSION

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253, Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR*
UNITED STATES DISTRICT JUDGE

March 29, 2019